FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 21 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01808-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,
FEDERAL BUREAU OF PRISONS (D.O.J.),
H. G. LAPPIN, BOP Director,
R. WILEY, FCC/ADX Warden,
A. REAR, Ex-ADX Administrative Remedy Coordinator,
M. COLLINS, ADX Unit Manager,
V. SUDLOW, Ex-ADX Case Manager,
R. MADISON, ADX Counselor, and
A. OSAGIE, ADX Physician Assistant, All Being Sued in Their Individual or Official Capacity,

    Defendants.

---

## ORDER TO FILE AN AMENDED COMPLAINT

Plaintiff is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. On August 14, 2007, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 and to 28 U.S.C. § 1346(b)(1) and 28 U.S.C. §§ 2671-2680. On August 28, 2007, the Court directed the Clerk of the Court to commence a civil action and instructed Plaintiff to file his claims on a current Court-approved form used in filing prisoner complaints. On September 10, 2007, Plaintiff complied with the Court's August 28, 2007, Order and filed his claims on a current form.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as an advocate for a *pro se* litigant. *See id.*

In the September 10, 2007, Complaint, Plaintiff asserts twenty-seven claims. The Court has found that in several of the claims, including Claims One, Two, Three, Four, Fourteen, and Twenty-Seven, Plaintiff has failed to state an actual injury. Plaintiff also has submitted repetitive claims, including claims that he has raised in prior lawsuits; for example, the Muslim publication claim was raised in *Muhammad v. Wiley*, No. 06-cv-00547-WYD-BNB, a case that remains pending before the Court. Plaintiff further, throughout the twenty-seven claims, asserts retaliation as a basis for his claims.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). Any repetitious claims set forth in the instant action will be dismissed as legally frivolous.

2

Plaintiff was instructed in ***Muhammad v. Collins***, No. 06-cv-00756-ZLW (D. Colo. Dec. 18, 2006) (unpublished), that "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." ***Frazier v. Dubois***, 922 F.2d 560, 562 n.1 (10th Cir. 1990); ***see Peterson***, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Therefore, if Plaintiff asserts retaliation in the Amended Complaint he must demonstrate that Defendants' motives were the "but for" cause of their actions.

As for Plaintiff's failure to assert an actual injury in several of the claims, he is instructed, as he was instructed previously in ***Muhammad v. Montgomery***, No. 06-cv-00763-WYD-BNB, Doc. No. 14 (D. Colo. Aug. 28, 2006) (unpublished), to amend the claims as necessary and state the particular deprivation that he has incurred as a result of the alleged constitutional violation.

Plaintiff is instructed to amend the Complaint and set forth his claims in keeping with the above Court findings. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED September 21, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01808-BNB

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/21/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk