IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01808-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 9 2008

GREGORY C. LANGHAM
CLERK

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,
FEDERAL BUREAU OF PRISONS (D.O.J.),
H. G. LAPPIN, BOP Director,
R. WILEY, FCC/ADX Warden,
A. REAR, Ex-ADX Administrative Remedy Coordinator,
M. COLLINS, ADX Unit Manager,
V. SUDLOW, Ex-ADX Case Manager,
R. MADISON, ADX Counselor, and
A. OSAGIE, ADX Physician Assistant, All Being Sued in Their Individual or Official
        Capacity,

        Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff C. Eli-Jah Hakeem Muhammad, a.k.a. Christopher Mitchell, is in the
custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at
ADX Florence. On August 14, 2007, Plaintiff submitted to the Court a *pro se* Prisoner
Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics*, 403 U.S. 388 (1971), and to 28 U.S.C. §§ 2671-2680, the Federal Tort
Claims Act (FTCA). On September 21, 2007, Magistrate Judge Boyd N. Boland
directed Plaintiff to file an Amended Complaint. Plaintiff was instructed to assert actual

injuries and specific facts showing retaliation. Plaintiff also was instructed that any claims found to be repetitious would be dismissed as legally frivolous.

On December 6, 2007, Plaintiff filed six separate documents. Although Plaintiff titled three of the December 6 documents as either, "Amended Complaint," "Motion for Preliminary Injunction," or "Preliminary Injunction," each of the documents are submitted on a Court-approved form used in filing prisoner complaints. Each of the prisoner complaint forms that refer to a preliminary injunction simply restate two of the claims that Plaintiff asserts in the Amended Complaint. Neither of the requests for a preliminary injunction show (1) that there is a substantial likelihood of prevailing on the merits, (2) that Plaintiff will suffer irreparable injury unless the injunction issues, (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Therefore, Plaintiff's requests for a preliminary injunction will be denied. The other three documents, filed on December 6, 2007, and titled "Declarations," contain copies of administrative grievances that apparently pertain to the claims that Plaintiff raises in the Amended Complaint.

Plaintiff asserts twenty-six claims in the Amended Complaint. The claims are as follows: (1) failure to provide legal assistance programs to inmates; (2) a denial of stationery materials from outside sources, including vendors, third parties, or supply stores; (3) discriminatory policies in assigning jobs to inmates; (4) discriminatory policies regarding job assignments (FTCA claim); (5) interference in filing grievances and access to remedies; (6) supervisor's failure to stop interference in filing grievances

2

and access to remedies (FTCA claim); (7) illegal cell searches and seizures; (8) illegal cell searches and seizures (FTCA claim); (9) unconstitutional practices in conducting PPD/TB tests; (10) unconstitutional PPD/TB tests (FTCA claim); (11) interference with filing grievances; (12) interference with filing grievances (FTCA claim); (13) intentional breach of inmate 50/50 financial procedures; (14) interference with the 50/50 financial procedures (FTCA claim); (15) breach of the 50/50 contract agreement; (16) denial of access to the 50/50 financial responsibility program; (17) tortuous interference with the 50/50 financial contract (FTCA claim); (18) denial of a Continuous Positive Airway Pressure (CPAP) breathing device; (19) denial of a CPAP (FTCA claim); (20) denial of two "legal ink pens;" (21) supervisor's failure to remedy staff member's wrongful acts; (22) supervisor's failure to remedy staff member's wrongful acts (FTCA claim); (23) denial of right to use legal religious name; (24) exposure to extreme cell temperatures; (25) denial of access to presentence report (PSR) and statement of reasons (SOR); and (26) denial of access to Muslim chaplains or Muslim volunteers.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the action will be dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the September 21, 2006, Order, Magistrate Judge Boland informed Plaintiff that prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Plaintiff also was informed that "[m]ere allegations of constitutional retaliation will not suffice; plaintiff[s] must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991); *see Peterson*, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").

Plaintiff was instructed to amend the Complaint and properly plead retaliation. Plaintiff again has failed to demonstrate how retaliatory motives were the "but for" cause for Defendants' actions. The Court finds that Plaintiff's claims of retaliation for filing lawsuits and for filing grievances are frivolous. Plaintiff's claims also border on being malicious and abusive. The Court further notes that, although Plaintiff states throughout the Complaint that he has suffered an actual injury with respect to his claims of denial of access to the courts and of denial to redress his administrative remedies, he fails to set forth specific allegations of any actual injury.

To assert a denial of access to the courts claim, Plaintiff must plead and prove he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing

that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

To the contrary, Plaintiff has filed at least twenty-two cases in this Court since December 2000. At most, the claims Plaintiff asserts against Defendants in this case only concern actions that may have delayed proceedings in a lawsuit, and none of Plaintiff's claims show that Defendants' actions unreasonably hindered his cases.

In particular, Plaintiff asserts in Claim Five that prisons officials interfered with his ability to amend his claims in *Muhammad v. ADX-Step Down Unit Screening Committee*, No. 05-01513-WYD-BNB (D. Colo. Feb. 15, 2007). Upon review of the Court Docket, the Court finds in Case No. 05-01513-WYD-BNB that Plaintiff presented three amended complaints to the Court in an effort to comply with the Court's instruction to stop submitting redundant filings and to state personal participation by the named defendants in each of the asserted violations of his constitutional rights. *Muhammad*, No. 05-cv-01513-WYD-BNB at Doc. No. 20. After defendants filed a motion to dismiss in Case No. 05-cv-01513-WYD-BNB, Plaintiff filed a motion to amend along with a tendered amended complaint and forty-three pages of exhibits. *Id.* at Doc.

No. 65. Within a few weeks after the report and recommendation was entered by the magistrate judge in Case No. 05-01513, regarding defendant's motion to amend, Plaintiff sought a voluntary dismissal. *Id.* at Doc. No. 85. The court granted the voluntary dismissal after defendants entered a notice of no opposition to the dismissal. *Id.* at Doc. 88. Plaintiff then filed an objection to the report and recommendation that was denied as moot. *Id.* at Doc. Nos. 90 and 91.

Plaintiff did not raise any issues in his notice to dismiss, in Case No. 05-cv-01513, that addressed his inability to file an amended complaint. *Id.* at Doc. 85. Plaintiff did assert in the notice that even though his claims had merit he was not able to survive defendants' motion to dismiss because prisoner staff would not provide him with photocopies. Upon review of the Court Docket, the Court finds that in a trust fund account statement Plaintiff submitted to the Court in ***Muhammad v. United States, et al.***, No. 07-cv-00830-WYD-KMT, Doc. No. 4 (D. Colo. Filed Apr. 4, 2007), he incurred $80.00 worth of expenses for photocopies on January 27, 2007, which was just two weeks prior to when he filed his notice of dismissal in Case No. 05-cv-01513-WYD-BNB, in which he claimed prison staff members would not provide him with photocopies.

The Court also notes that, in Case No. 05-cv-01513, Plaintiff submitted forty-three pages of exhibits to the court with his tendered amended complaint that was filed along with his answer to the defendants' motion to dismiss. Plaintiff, therefore, had more than adequate opportunity to prosecute his claims in Case No. 05-cv-01513 and was not denied access to the courts by prison officials. Plaintiff's claims regarding

Case No. 05-cv-01513-WYD-BNB are without basis. Claims One, Five, Six, Eleven, and Twelve, therefore, will be dismissed as legally frivolous.

As for Claim Two, the Court knows of no constitutional right to receive stationery materials from sources outside of the prison. To the extent that Plaintiff intends this claim to raise yet another denial of access to the courts claim, Plaintiff fails to assert that he has been denied access to the courts or the ability to address his grievances simply because he is not able to obtain stationery materials from outside sources. Claim Two will be dismissed as legally frivolous.

With respect to Claims Three and Four, Plaintiff does not state that he requested to be considered for a job assignment and was denied the request. Again, Plaintiff has failed to assert an actual deprivation of his constitutional rights. Although Plaintiff states that he is asserting a meritorious claim and refers to an attached administrative remedy that he claims provides sufficient evidence, the Court is not required to search through the 100-plus pages of copies of his requests for administrative remedies that he has submitted to find the claims he intends to raise. Plaintiff was told previously in *Muhammad v. BOP, et al.*, No. 04-cv-02159-ZLW (D. Colo. Apr. 13, 2005), that he is to state his claims simply and concisely on the prisoner complaint form. In Case No. 04-cv-02159-ZLW, Plaintiff was further instructed to not refer to other documents on the complaint form in place of stating the claim he intends to raise. Claims Three and Four, as stated, are legally frivolous and will be dismissed.

In Claims Seven and Eight, Plaintiff asserts that he was subjected to arbitrary cell searches because he exercised his First Amendment rights to file prison grievances and to seek access to legal procedures. Plaintiff further asserts that as a result of the

7

cell searches Defendants Madison and Sudlow confiscated, withheld, and ordered his property either to be sent home or to be destroyed. Plaintiff's claim lacks merit because he fails to show that the "but for" cause for Defendants Madison and Sudlow's acts was retaliatory.

Furthermore, Plaintiff fails to assert any actual injury as a result of the confiscation of the excess stationery materials[1] from Plaintiff's cell. The Court finds that Plaintiff has been able to assert claims against Defendants Madison and Sudlow and to provide to the Court copies of each of the requests for administrative remedies involving grievances against them. Claims Seven and Eight also are repetitive of a claim that Plaintiff raised in *Muhammad v. M. Collins, et al.*, No. 06-cv-00756-ZLW (D. Colo. Dec. 18, 2006). The Court, therefore, finds that Claims Seven and Eight are legally frivolous and will be dismissed.

In Claims Nine and Ten, Plaintiff alleges that his First Amendment rights are being violated because Defendant Lappin requires him to participate in the PPD/TB tests in violation of his religious beliefs. Claims Nine and Ten will be drawn to a district judge.

With respect to Claims Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen, the claims are repetitive. In *Muhammad v. U.S., et al.*, No. 07-cv-00830-WYD-BNB, Doc. No. 3 at p. 6 (D. Colo. Filed Apr. 24, 2007), Plaintiff asserts that prison staff members

---

[1] Although Plaintiff fails to assert in the Complaint what property was removed from his cell, the Court finds that in the Regional Administrative Remedy Appeal No. 401198, which Plaintiff identifies addresses Claim Seven, Plaintiff claims that Defendants removed writing paper, ink pens, and carbon paper from his cell.

improperly are administering the 50/50 agreement program and wrongfully are taking funds from his inmate account pursuant to the local program.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court, therefore, will not consider the merits of Claims Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen in this action and will dismiss them as legally frivolous.

In Claims Eighteen and Nineteen, Plaintiff alleges that his Eighth Amendment rights are being violated because Defendant Osagie has denied him a CPAP breathing device, which is necessary to treat his sleep apnea. Claims Eighteen and Nineteen will be assigned to Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivr 40.1C.1, and to Magistrate Judge Boyd N. Boland.

In Claim Twenty, Plaintiff asserts that two legal ink pens were confiscated from his personal property on January 4, 2006. (Dec. 6, 2007, Attachs., Adm. Remedy No. 414891.) Plaintiff contends that Defendant Madison confiscated the pens in retaliation for Plaintiff filing grievances against him. In Claims Twenty-One and Twenty-Two, Plaintiff further asserts that Defendant Wiley knew of Defendant Madison's retaliatory actions but failed to remedy the wrongful acts.

Upon review of Administrative Remedy No. 414891, (Dec. 6, 2007, Attachs.), the Court finds that Plaintiff had twelve ink pens in his possession that were confiscated, when pursuant to prison regulations he only was allowed to have two ink pens in his

possession. Further, Plaintiff was able to pursue his grievances without the use of ink

pens, which is evidenced by his ability to file a grievance regarding the denial of the ink

pens. Plaintiff also after the confiscation of the ink pens was able to submit several

filings to this Court, including *Mitchell v. Wiley*, No. 05-cv-01512-ZLW (D. Colo. Feb.

17, 2006) (declaration, dated Jan. 10, 2006, filed with the court on Jan. 13, 2006);

*Mitchell v. ADX-Segregation Team, et al.*, No. 05-cv-01513-WYD-BNB (D. Colo. Feb.

15, 2007) (motion for joinder of action or claims, dated Jan. 8, 2006, and filed with the

Court on Jan. 16, 2006); and *Mitchell v. BOP, et al.*, No. 05-cv-02341-ZLW (D. Colo.

Feb. 17, 2006) (two declarations, dated Jan. 5, 2006, and filed with the Court on Jan.

10, 2006, an amended complaint dated Jan. 6, 2006, and filed with the Court on Jan.

13, 2006, and a motion to appoint legal advisor dated Jan. 6, 2006, and filed with the

Court on Jan. 13, 2006).

Plaintiff has no constitutional right to even one ink pen. In addition, federal

courts should not become involved in the daily operations of prisons. *See Sandin v.

Conner*, 515 U.S. 472, 482 (1995). A prison's decision to maintain a limited number of

writing utensils by a prisoner is well within the prison's discretion. Defendant Madison's

actions were not retaliatory. Plaintiff attempts, as he did in Case No. 06-cv-00756-

ZLW, to assert that Defendants are retaliating against him when they only are enforcing

prison regulations. Simply because Plaintiff is denied ink pens, stationery and other

materials from outside sources, and is required to send out legal materials does not

state a claim of retaliation.

Claims Twenty, Twenty-One, and Twenty-Two will be dismissed as frivolous and

malicious. If Plaintiff continues to assert such baseless claims he will be subject to

sanctions beyond the filing restrictions set forth under 28 U.S.C. § 1915(g), to which he now is subject. *See Mitchell v. ADX-Segregation Review Team, et al.*, No. 06-cv-00756-ZLW (D. Colo. Dec. 18, 2006) (dismissed as legally frivolous), *aff'd*, No. 07-1010 (10th Cir. July 17, 2007) (dismissal affirmed on appeal); *Muhammad v. Weston*, No. 02-cv-00299-HC-ESH (E.D. Tex. May 21, 2004), *appeal dismissed*, No. 04-40831 (5th Cir. Feb. 23, 2005) (dismissed on appeal as legally frivolous); *Muhammad v. Hood*, No. 03-cv-02659-ZLW (D. Colo. Mar. 19, 2004) (dismissed as legally frivolous).

In Claim Twenty-Three, Plaintiff asserts that in violation of his First Amendment rights, Defendant Lappin refuses to recognize his "legally" changed Muslim name without a federal court order. Claim Twenty-Three will be assigned to Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivr 40.1C.1, and to Magistrate Judge Boyd N. Boland. In Claim Twenty-Four, Plaintiff asserts that Defendant Lappin orders the temperatures in inmates' cells to be set at extremely high temperatures, which causes him serious medical problems. Claim Twenty-Four will be assigned to Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivr 40.1C.1, and to Magistrate Judge Boyd N. Boland.

With respect to Claim Twenty-Five, the Court knows of no constitutional right, and Plaintiff fails to assert a right, to possess copies of the PSR or the SOR from his criminal proceeding while he is incarcerated. Pursuant to BOP Program Statement No. 5800.11, Plaintiff is able to request that he be allowed to view a copy of either the PSR or the SOR. Claim Twenty-Five will be dismissed as legally frivolous.

In Claim Twenty-Six, Plaintiff alleges that Defendant Federal Bureau of Prisons (DOJ) denies him access to a Muslim chaplain or Muslim volunteer in violation of his First Amendment rights. The Federal Bureau of Prisons is an inappropriately named

party to the action. The United States and its agencies are not subject to suit under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994). A suit against the United States is barred by sovereign immunity. *See Weaver v. United States*, 98 F.3d 518, 520 (10th Cir.1996); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987) (same). Claim Twenty-Six as asserted against the Federal Bureau of Prisons will be dismissed as legally frivolous. Accordingly, it is

ORDERED that Claims One, Two, Three, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Twenty, Twenty-One, Twenty-Two, Twenty-Five, and Twenty-Six as asserted against Defendants Federal Bureau of Prisons (DOJ), R. Wiley, A. Rear, M. Collins, V. Sudlow, and R. Madison are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Claims Nine, Ten, Eighteen, Nineteen, Twenty-Three, and Twenty-Four as asserted against either Defendant H. G. Lappin or Defendant A. Osagie shall be assigned to Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Boyd N. Boland. It is

FURTHER ORDERED that Plaintiff's Motions for Preliminary Injunctions, (Doc. Nos. 18 and 19), filed December 6, 2007, are DENIED.

DATED at Denver, Colorado, this 8 day of _April_, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01808-BNB

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on_____4/9/08_____

GREGORY C. LANGHAM, CLERK

By:_____
                 Deputy Clerk