IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01808-WYD-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a/k/a CHRISTOPHER MITCHELL,

Plaintiff,

v.

H.G. LAPPIN, BOP Director, and
A. OSAGIE, ADX, Physician Assistant,

Defendants.

---

# ORDER

---

This matter arises on the **Defendants' Motion to Dismiss** [Doc. #82, filed 04/06/2009]

(the "Motion to Dismiss").  The defendants assert that the court lacks subject matter jurisdiction

over the plaintiff's nineteenth claim for relief because the plaintiff did not file an action in this

court within six months after the government denied the claim.  *Motion to Dismiss*, pp. 4-5.

The plaintiff alleges in Claim Nineteen that defendant Osagie's failure to provide the

plaintiff with a Continuous Positive Airway Pressure breathing device constitutes a tort in

violation of the Federal Tort Claims Act ("FTCA").  *Complaint*, pp. 24-25.  "A tort claim against

the United States shall be forever barred . . . unless action is begun within six months after the

date of mailing, by certified or registered mail, of notice of final denial of the claim by the

agency to which it was presented."  28 U.S.C. § 2401(b).  "Timeliness of suit is one of the

conditions of the government's waiver of sovereign immunity under the FTCA, and the district

court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the

FTCA's timing requirements set forth in § 2401(b)." In re Franklin Savings Corp., 385 F.3d 1279, 1287 (10th Cir. 2004).

The defendants assert a factual challenge to subject matter jurisdiction. Therefore, I do not presume the truthfulness of the factual allegations in the Amended Complaint. Instead, I have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve any disputed jurisdictional facts. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

The defendants state that the plaintiff was sent notice of the denial of the tort claim underlying Claim Nineteen on June 26, 2006. *Motion to Dismiss*, p. 5. The defendants cite Exhibit A-6 in support of their statement. Exhibit A-6 is a copy of a letter from Daryl Kosiak, Regional Counsel, denying Tort Claim TRT-NCR-2006-03917. Exhibit A-6 also contains a copy of a Certified Mail Receipt. There is no evidence in the record which explains the nature of Tort Claim TRT-NCR-2006-03917 or ties it to the facts asserted in Claim Nineteen, however, nor is there sufficient evidence establishing that the Certified Mail Receipt pertains to Tort Claim TRT-NCR-2006-03917. No affidavit is filed in support of the Motion to Dismiss which authenticates Exhibit A-6, explains it, or otherwise provides proof of the argument of counsel that the plaintiff was sent notice of the denial of Claim Nineteen on June 26, 2006. Accordingly,

IT IS ORDERED that an evidentiary hearing is set for **January 5, 2010, at 10:00 a.m.**, in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER ORDERED that the plaintiff shall participate at the hearing by video conference.  The Bureau of Prisons shall make all arrangements necessary to allow for the plaintiff's participation by video conference.

IT IS FURTHER ORDERED that the parties shall submit to my chambers, on or before **December 29, 2009**, proposed witness lists, exhibit lists, original and two copies of all exhibits, and hearing briefs, if necessary.  These materials should not be filed in the clerk's office.  In addition, copies of proposed witness lists, exhibit lists, exhibits, and hearing brief, if any, shall be served on the opposing party on or before **December 29, 2009**.

The exhibit list should be prepared on the attached form.  Plaintiff's exhibits should be marked with yellow labels, using numbers.  Defendant's exhibits should be marked with blue labels, using alphabetical letters.  If defendant has more than 26 exhibits, please mark them A-1 through Z-1, A-2 through Z-2, etc.  Do not use double or triple letters.  The civil action number should appear on each exhibit sticker.

Please advise my courtroom deputy, Geneva Mattei, at 303-335-2061 if you intend to use any special audio or video equipment so that arrangements can be made to facilitate clearance of the equipment through court security.

The Clerk of the Court is directed to mail a copy of this Order to:

Case Manager for C. Eli-Jah Hakeem Muhammad a/k/a Christopher Mitchell, #20791-088
Florence ADMAX, U.S. Penitentiary
P. O. Box 8500,
Florence, CO  81226.

Dated December 1, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

EXHIBIT LIST

CASE NUMBER_____                    PLAINTIFF'S LIST_____          DEFENDANT'S LIST_____          THIRD PARTY LIST ____

CASE CAPTION _____ VS. _____ PAGE NUMBER___ DATE_____

LIST PLAINTIFF'S EXHIBITS BY NUMBER (1, 2, 3, ETC.) and DEFENDANT'S EXHIBIT BY LETTER (A, B, C, A1, A2, A3, B1, B2,  B3, ETC.)

| EXHIBIT NO./LTR. | WITNESS | DESCRIPTION | STIP. | OFFER | REC'D | REFUSED | RULING RESERVED | COMMENTS/ INFORMATION |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |