IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01808-WYD-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a/k/a CHRISTOPHER MITCHELL,

Plaintiff,

v.

UNITED STATES OF AMERICA,
H.G. LAPPIN, BOP Director, and
A. OSAGIE, ADX, Physician Assistant,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following:

1. **Defendants' Motion to Dismiss** [Doc. #82, filed 04/06/2009] (the "Motion to Dismiss"); and

2. **Pro Se Plaintiff's Motion for Partial Summary Judgment** [Doc. #101, filed 11/02/2009] (the "Motion for Partial Summary Judgment").

I respectfully RECOMMEND that the defendants' Motion to Dismiss be GRANTED. I further RECOMMEND that the plaintiff's Motion for Partial Summary Judgment be DENIED AS MOOT.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P., is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific

allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff is currently incarcerated by the United States Bureau of Prisons ("BOP") at the Administrative Maximum Facility in Florence, Colorado ("ADX"). The plaintiff filed his initial complaint on August 28, 2007 [Doc. #3]. At the court's direction, he filed an amended complaint on September 9, 2007 [Doc. #6] and a second amended complaint on December 6, 2007 [Doc. #24] (the "Complaint").

The Complaint asserts 26 claims. Most of the claims have been dismissed. *Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge*, [Doc. #31]. Remaining are Claims 9, 10, 18, 19, 23, and 24. The remaining claims are brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); the Religious Freedom Restoration Act ("RFRA"); the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"); and the Federal Tort Claims Act ("FTCA").

Claim Nine alleges that defendant Lappin instituted BOP Program Statement 6190.02 which requires inmates to take a Purified Protein Derivative ("PPD") test to screen for tuberculosis instead of providing inmates the option of receiving a chest xray. The plaintiff objects to the PPD test on religious grounds, and he claims that he is being forced to submit to the test in violation of the First and Eighth Amendments, "RFRA and/or RLUIPA." *Complaint*,

p 15; *Declaration Under Penalty of Perjury of C. Eli-Jah Hakeem Muhammad*, [Doc. #75] (the "Declaration"), Attachment A.[1]

Claim Ten alleges that the plaintiff is being forced to take the PPD test under protest, and that such force constitutes the tort of "trespassing against the plaintiff as a person" in violation of the FTCA. *Complaint*, pp. 15-16; *Declaration*, Attachment B.

Claim Eighteen alleges that defendant Osagie was deliberately indifferent to the plaintiff's medical needs when he denied the plaintiff a Continuous Positive Airway Pressure ("CPAP") breathing device. The plaintiff asserts that the CPAP device is necessary to treat his sleep apnea syndrome. *Complaint*, pp. 23-24; *Declaration*, Attachment C.

Claim Nineteen alleges that the failure to provide the plaintiff with a CPAP breathing device constitutes a tort in violation of the FTCA. *Complaint*, pp. 24-25; *Declaration*, Attachment D.

Claim Twenty Three alleges that pursuant to BOP Program Statements 5800.07, 5800.08, and 5800.10, defendant Lappin is violating the plaintiff's First Amendment rights, RFRA, and/or RLUIPA because he refuses to recognize the plaintiff's "legally" changed Muslim name without a federal court order. *Complaint*, pp. 28-29; *Declaration*, Attachment E.

Claim Twenty Four alleges that pursuant to BOP Program Statement 4200.10 and Executive Order 13123, defendant Lappin has ordered that inmate areas be set to extremely high

---

[1]The Complaint is not paginated. Therefore, I cite to the page numbers of the Complaint as assigned by the court's docketing system. In addition, portions of the scanned version of the plaintiff's Complaint are illegible. Pursuant to court order, the plaintiff submitted a legible copy of the extant claims. *Declaration Under Penalty of Perjury of C. Eli-Jah Hakeem Muhammad*, [Doc. #75]. I cite to both the Complaint and the Declaration when summarizing the plaintiff's claims.

temperatures during the warm months and that the extreme cell temperatures place the plaintiff at heightened risk for "heat-related injuries that defendant may know of" in violation of the plaintiff's Eighth Amendment rights. *Complaint*, pp. 29-30; *Declaration*, Attachment F.

The plaintiff seeks declaratory and monetary relief. Id. at p. 39.

### III.  DEFENDANTS' MOTION TO DISMISS

#### A.  Sovereign Immunity - Constitutional Claims

The defendants seek dismissal of the constitutional claims against them in their official capacities as barred by sovereign immunity. *Motion to Dismiss*, pp. 3-4. The defendants assert a facial attack on the Complaint. Therefore, I must accept the allegations in the Complaint as true. Holt, 46 F.3d at 1003.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The defendants are agents of the BOP. Therefore, suits against them in their official capacities are suits against the

BOP. The BOP is a federal agency. Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).

Claims 9, 18, 23, and 24 allege constitutional violations pursuant to Bivens. Bivens does not waive the sovereign immunity of federal agencies. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Bivens, 403 U.S. at 410. The Motion to Dismiss should be granted insofar as it seeks dismissal of Claims 9, 18, 23, and 24 as against the defendants in their official capacities for lack of subject matter jurisdiction.

### B. Personal Jurisdiction Over Defendant Lappin

The defendants assert that the court lacks personal jurisdiction over defendant Harley Lappin, Director of the BOP. *Motion to Dismiss*, pp. 5-6. Lappin resides in Washington, D.C. *Complaint*, p. 3.

It is the plaintiff's burden to make a prima facie showing of personal jurisdiction. Wenz v. Memery Crystal, 55 F.3d 5503, 1505 (10th Cir. 1995). In a federal question case, as here, the proper analysis to determine personal jurisdiction has been summarized by the Tenth Circuit Court of Appeals as follows:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.

Peay v. Bellsouth Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, the plaintiff is suing defendant Lappin pursuant to Bivens, RFRA, RLUIPA, and the FTCA. There is no federal statute which potentially confers jurisdiction by authorizing

service of process on defendant Lappin.  See McChan v. Perry, 229 F.3d 1164, 2000 WL 1234844 (10th Cir. 2000) (holding that section 1983 does not provide for nationwide service of process); 42 U.S. C. §§2000cc-1 *et seq.*; 42 U.S.C. §§ 2000bb-1 *et seq*; 28 U.S.C. § 2671 *et seq*.

When federal legislation does not provide for nationwide service of process, the defendant must be shown to be amenable to service of process under the laws of the state where the district court sits.  Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, section 13-1-124, C.R.S., and due process of law have been satisfied.  Doe v. National Medical Servs., 748 F. Supp. 793, 795 (D. Colo. 1990); D & D Fuller CATV Constr., Inc. v. Pace, 780 P.2d 520, 523 (Colo. 1989).  The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law.  Waterval v. District Court, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960 (1981).  Consequently, because the long-arm statute imposes no greater limitations than federal due process, I proceed directly to the constitutional analysis.  See OMI Holdings, 149 F.3d at 1090, ) citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op., 17 F.3d 1302, 1305 (10th Cir. 1994)).

In federal question cases, the personal jurisdiction requirements flow from the due process clause of the Fifth Amendment, Peay, 205 F.3d at 1211, which are the same as those in a Fourteenth Amendment analysis.  Id.  The focus is on protecting an individual's liberty interest in not being subject to "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quotations and citation omitted).  Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum."  Peay, 205 F.3d at 1211.

To satisfy due process, minimum contacts must exist between the defendant and the

forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction. Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state. OMI Holdings, 149 F.3d at 1091. Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999). If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. Id.

Claims Nine, Twenty Three, and Twenty Four are brought against Lappin. These claims allege that Lappin is liable because he issued policies which require the plaintiff to take an annual PPD test; do not recognize the plaintiff's Muslim name as his legal name without a federal court order; and follow an Executive Order for federal buildings to "go green" thereby causing uncomfortable temperature changes in his housing unit.

The plaintiff's assertions, without more, are not sufficient to show that Lappin is subject to personal jurisdiction in Colorado. Stafford v. Briggs, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise

8

personal jurisdiction over federal official in his individual capacity); Hill v. Pugh, 75 Fed.Appx. 715, 2003 WL 22100960 at *3 (10th Cir. Sept. 11, 2003) (stating that "[i]t is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state.")

As a result, the plaintiff has failed to meet his burden to make a prima facie showing of personal jurisdiction. See Wenz, 55 F.3d at 1505. The defendants' Motion to Dismiss should be granted for lack of personal jurisdiction insofar as it seeks dismissal of defendant Lappin in his individual capacity (and dismissal of Claims Nine, Twenty Three, and Twenty Four).

### C. Claim 18 Against Defendant Osagie

Claim Eighteen alleges that defendant Osagie violated the plaintiff's Eighth Amendment rights because he denied the plaintiff a Continuous Positive Airway Pressure ("CPAP") breathing device which is necessary to treat his sleep apnea syndrome. *Complaint*, pp. 23-24.

Defendant Osagie asserts that he is entitled to qualified immunity. *Motion to Dismiss*, p. 6. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-

9

existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[2]

A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).    The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S.

---

[2]The order in which I may consider these factors is discretionary. Pearson v. Callahan, __ U.S. __, __, 129 S. Ct. 808, 818 (2009); Manzanares v. Higdon, 2009 WL 2430643 *3 n.6 (10th Cir. Aug. 10, 2009).

at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

Claim Eighteen alleges in its entirety:

> Defendant Osagie actual intent, direct participation and personal involvement of an adverse action while under color of federal law and in his individual capacity, base his reasons pursuant to BOP Program Statement 6000.05-2: C.F.R. 549.10, Health Services Manual in which the defendant base his reasons for denying the plaintiff a Continuous Positive Airway Pressure (CPAP) breathing device.  The denial for such a device, cause further pervasive risk of harm by denying, and not properly treating his serious medical needs of a sleep apnea syndrome called Pickwickian Syndrome, and also known as obstructive sleep apnea.  This implicates 8th Amendment concerns of deliberate indifference.  Plaintiff has exhausted all available remedies regarding the matters described in Claim #18.  Administrative Remedy I.D. #413752-A1.

*Complaint*, pp. 23-24; *Declaration*, p. 12.

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).  If the complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  Id. (internal quotations and citation omitted).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  Id.  This is especially true in cases, like this one, where the defense of qualified immunity has been asserted.  Id. at 1248-49.

The plaintiff's vague and conclusory allegations are not sufficient to state a plausible claim that Osagie knew of and disregarded a substantial risk to the plaintiff's health. The Motion to Dismiss should be granted to the extent it seeks dismissal of Claim 18.

### D.  FTCA Claims

Claim Ten alleges that the plaintiff is being forced to take the PPD test under protest, and that such force constitutes a violation of the FTCA. Claim Nineteen alleges that Osagie's failure to provide the plaintiff with a CPAP breathing device constitutes a tort in violation of the FTCA.[3] The defendants assert that the court does not have subject matter jurisdiction over these claims because the plaintiff did not file them in this court within six months after the government denied the claims. *Motion to Dismiss*, pp. 4-5.

"A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)." In re Franklin Savings Corp., 385 F.3d 1279, 1287 (10th Cir. 2004). "[T]he FTCA represents a waiver of the

---

[3]These claims are necessarily brought against defendant United States of America. 28 U.S.C. § 1346(b)(1); Woodruff v. Covington, 389 F.3d 1117, 1125-26 (10th Cir. 2004) ([a]n FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment"); Wexler v. Merit Sys. Prot. Bd., 986 F.2d 1432, 1993 WL 53548, at *2 (10th Cir. Feb. 17, 1993) ("[u]nder the FTCA, only the United States is a proper defendant").

sovereign immunity of the United States, and, as such, must be strictly construed." Pipkin v. United States Postal Serv., 951 F.2d 272, 275 (10th Cir.1991).

The defendants are asserting a factual challenge to subject matter jurisdiction. Therefore, I do not presume the truthfulness of the factual allegations in the Amended Complaint. Instead, I have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

The defendants state that on March 31, 2006, the plaintiff was sent notice that Claim Ten was denied, and on June 26, 2006, the plaintiff was sent notice that Claim 19 was denied. *Motion to Dismiss*, p. 5. The defendants cite to Exhibits A-5 and A-6 in support of their statement. Exhibits A-5 and A-6 are a copies of letters from the BOP's Regional Counsel denying Tort Claim TRT-NCR-2006-2303 and Tort Claim TRT-NCR-2006-03917, respectively. The exhibits each contain a copy of a Certified Mail Receipt. However, the defendants did not submit any evidence which explained the nature of Tort Claim TRT-NCR-2006-03917, nor was there any evidence to demonstrate that the Certified Mail Receipts pertained to the respective tort claims. Therefore, on January 5, 2010, I held a limited evidentiary hearing to determine if the defendants mailed the plaintiff notice of the denial of his tort claims and, if so, on what date. Prior to the hearing, the defendants submitted supplemental evidence. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108].

Based on the supplemental evidence and the evidence presented at the hearing, the following facts are undisputed:

1. Inmate tort claims which arise out of the ADX must be presented to the North Central Regional Office in Kansas City, Kansas. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108], Declaration of Christopher B. Synsvoll [Doc. #108-2], ¶ 4.

2. On February 10, 2006, the North Central Regional Office received an administrative tort claim from the plaintiff which was assigned number TRT-NCR-2006-02303. The claim alleges that the plaintiff was denied a non-invasive test for tuberculosis. Id. at ¶ 7; Hearing Ex. A. The plaintiff agreed at the hearing that this claim is the same as Claim Ten.

3. Claim number TRT-NCR-2006-02303 was denied by letter dated March 31, 2006. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 8; Hearing Ex. B and Ex. E. The denial letter was mailed to the plaintiff, via certified mail, on April 3, 2006. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 8; Hearing Ex. E.

4. On June 19, 2006, the North Central Regional Office received an administrative tort claim from the plaintiff which was assigned number TRT-NCR-2006-03917. The claim alleges that the plaintiff was denied adequate treatment for a sleep disorder. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 9; Hearing Ex. C. The plaintiff agreed at the hearing that this claim is the same as Claim Nineteen.

5. Claim number TRT-NCR-2006-03917 was denied by letter dated June 26, 2006. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 10; Hearing Ex. D. The denial letter was mailed to the plaintiff, via certified mail, on July 6, 2006. *Defendants' Evidentiary Supplement to Motion to Dismiss* [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 10; Hearing Ex. E.

Pursuant to section 2401(b), the plaintiff was required to assert Claim Ten in this court within six months after April 3, 2006, or by October 3, 2006. He was required to assert Claim Nineteen within six months after July 6, 2006, or by January 8, 2007.[4] The plaintiff did not commence this case until August 14, 2007. Therefore, Claims Ten and Nineteen are barred.

The plaintiff does not dispute that the denial letters were sent on April 3, 2006, and July 6, 2006. He argues instead that the defendants have failed to present evidence proving that he received the denial letters.[5] However, the limitations period does not run from the date of receipt; it runs from the date the letters were mailed.

The Motion should be granted to the extent it seeks dismissal of Claims Ten and Nineteen for lack of subject matter jurisdiction.

## IV.  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff seeks summary judgment on Claim 23. Because I recommend dismissal of Claim 23 based on lack of personal jurisdiction over defendant Lappin, the plaintiff's Motion for Partial Summary Judgment should be denied as moot.

## V.  CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss [Doc. #82] be GRANTED and that all remaining claims be dismissed.

I further RECOMMEND that the Pro Se Plaintiff's Motion for Partial Summary Judgment [Doc. #101] be DENIED AS MOOT.

---

[4] Because January 6, 2007, fell on a Saturday, the deadline for submission of Claim Nineteen would fall on Monday, January 8, 2007.

[5] The plaintiff does not contend that he did not receive the denial letters; he argues only that the defendants failed to provide evidence proving that he received the letters.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 6, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge