IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01808-WYD-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

USA, et al.
H.G. LAPPIN, BOP Director; and
A. OSAGIE, ADX, Physician Assistant,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court on both the Defendants' Motion to Dismiss (docket #82), filed April 6, 2009 and the Plaintiff's Motion for Partial Summary Judgment (docket #101), filed November 2, 2009.  The motions were referred to Magistrate Judge Boyd N. Boland for a recommendation by Order of Reference.  On January 6, 2010, Magistrate Judge Boland issued a Recommendation that Defendants' Motion to Dismiss be granted in its entirety and, therefore, Plaintiff's Motion for Partial Summary Judgment be denied as moot.  (Recommendation at 1.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation.

(Recommendation at 16.) On January 20, 2010, Plaintiff filed a motion for an extension of time to file objections, which I granted. Thus, on January 27, 2010, Plaintiff filed timely objections to the Recommendation. Since objections were filed, I will review *de novo* the specific portions of the Recommendation to which Plaintiff objects. FED. R. CIV. P. 72(b).

II.     BACKGROUND

Plaintiff's Second Amended Prisoner Complaint, filed on December 6, 2007, alleges that the Defendants violated his constitutional rights. Specifically, Plaintiff asserts the following claims[1]: (1) Claim 9 - Plaintiff alleges he is being forced to submit to a tuberculosis test ("PPD Test") in violation of the First and Eighth Amendments; (2) Claim 10 - Plaintiff asserts he is being forced to take the PPD Test under protest in violation of the Federal Tort Claims Act ("FTCA"); (3) Claim 18 - Plaintiff alleges that Defendant Osagie was deliberately indifferent to his medical needs when he denied the Plaintiff a breathing device; (4) Claim 19 - Plaintiff alleges that the failure to provide the breathing device is a violation of the FTCA; (5) Claim 23 - Plaintiff alleges that Defendant Lappin is violating his constitutional rights by refusing to recognize Plaintiff's "legally" changed Muslim name without a federal court order; and (6) Claim 24 - Plaintiff alleges that Defendant Lappin's orders that inmate areas be set to extremely high temperatures during the warms months is a violation of the Eighth Amendment. Plaintiff seeks declaratory and monetary relief.

---

[1]The original Complaint alleged 26 claims. Most of the claims have been dismissed. (*See* docket #31). The remaining claims are: Claim 9, 10, 18, 19, 23, and 24.

III.     RECOMMENDATION

Magistrate Judge Boland first recommends that the motion to dismiss be granted as to Plaintiff's constitutional claims against the individual Defendants in their official capacities. (Recommendation at 5.) Magistrate Judge Boland found that Plaintiff's constitutional claims brought against the Defendants in their official capacities are barred by sovereign immunity. (Recommendation at 5.) Plaintiff objects to this portion of the Recommendation stating that he "objects to any reference that he sued Defendants Lappin and Osagie in their official capacities only . . . ." (Objection at 4.) Plaintiff goes on to say that Magistrate Judge Boland "misconstrued" the factual allegations of the Complaint. Plaintiff admits that the Court does not have jurisdiction "to entertain an official capacity suit." (Objection at 4.)

Since the Plaintiff essentially agrees with Magistrate Judge Boland's conclusion that the Court does not have jurisdiction over the Defendants in their official capacities, I find that there is no objection to this portion of the Recommendation. I find Magistrate Judge Boland's Recommendation on these claims is well reasoned and sound, and I agree that the motion to dismiss is properly granted as to the claims asserted against the Defendants in their official capacities. Accordingly, Claims 9, 18, 23, and 24 are dismissed against the Defendants in their official capacities for lack of subject matter jurisdiction.

Second, Magistrate Judge Boland recommends that the motion to dismiss be granted as to Plaintiff's claims asserted against Defendant Harley Lappin, Director of the BOP. I note that Defendant Lappin resides in Washington, D.C. Magistrate Judge

Boland found that "the plaintiff has failed to meet his burden to make a prima facie showing of personal jurisdiction." (Recommendation at 9.) Therefore, Magistrate Judge Boland concluded that "the defendants' Motion to Dismiss should be granted for lack of personal jurisdiction insofar as it seeks dismissal of defendant Lappin in his individual capacity (and dismissal of Claims Nine, Twenty Three, and Twenty Four)." (Recommendation at 9.)

Plaintiff objects to this portion of the Recommendation arguing that the Court "can exercise jurisdiction over a non-resident defendant, after demonstrating the initial burden of alleging [sic] in the 2nd Amended Complaint sufficient facts in cognizable claims #9, #20, and #24 to make out a prima facie case of jurisdiction." (Objection at 5.) Plaintiff contends that Defendant Lappin was present in Colorado during the relevant time period. However, I note that Plaintiff's objection largely consists of conclusory statements without any supporting argument or evidence. The District Court need not consider frivolous, conclusive or general objections. *See Zumwalt v. Astrue*, 220 Fed.Appx. 770, 777-78 (10th Cir. 2007). Accordingly, I overrule Plaintiff's objection. I find that Magistrate Judge Boland's Recommendation on Plaintiff's claims against Defendant Lappin in his individual capacity is well reasoned and sound, and I agree that the motion to dismiss is properly granted as to these claims.

Third, Magistrate Judge Boland recommends that the motion to dismiss be granted as to the Plaintiff's Eighth Amendment claim against Defendant Osagie. In the motion to dismiss, Defendant Osagie asserts that he is entitled to qualified immunity. I note that in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that

government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990). Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 15531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).[2]

In his Recommendation, Magistrate Judge Boland found that "[t]he burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." (Recommendation at 11.) In reviewing Claim 18 in its entirety in the Plaintiff's Second Amended Complaint, Magistrate Judge Boland concluded that Plaintiff merely asserted vague and conclusory allegations that were insufficient to state a plausible claim that Defendant Osagie knew of or disregarded an excessive risk to Plaintiff's health. Thus, Magistrate Judge Boland concluded that Plaintiff failed to show Defendant Osagie violated a constitutional right.

In his objection, Plaintiff states that he "satisfied both portion [sic] of the 2-

---

[2] The order in which these factors are considered is discretionary. *Pearson v. Callahan*, __ U.S. __, __, 129 S. Ct. 808, 818 (2009); *Manzanares v. Higdon*, 2009 WL 2430643 *3 n.6 (10th Cir. Aug. 10, 2009).

pronged test for the Court not to grant Defendant Osagie's qualified immunity defense." (Objection at 6.)  Plaintiff again makes conclusory statements and cites to general case law explaining the qualified immunity standard.  However, Plaintiff fails to explain why the Recommendation is in error other than to say that "Magistrate Judge Boland's reasoning . . . is unpersuasive."  (Objection at 7.)  After reviewing Plaintiff's objection, I find it lacks merit and should be overrruled.  Plaintiff's objection consists of self-serving conclusory allegations without any supporting authority or admissible evidence.  I agree with Magistrate Judge Boland that Defendant Osagie is entitled to the defense of qualified immunity and that the motion to dismiss should be granted as to the Plaintiff's Eighth Amendment claim against Defendant Osagie.

Finally, Magistrate Judge Boland recommends that Plaintiff's FTCA claims be dismissed.  Magistrate Judge Boland found that the Court does not have subject matter jurisdiction over these claims because the Plaintiff failed to file them in a timely manner with the Court.  "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  "Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)."  *In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004).  "[T]he FTCA represents a waiver of the sovereign immunity of the United States, and, as such, must be strictly construed."  *Pipkin v. United States Postal*

*Serv.*, 951 F.2d 272, 275 (10th Cir.1991).

On January 5, 2010, Magistrate Judge Boland held a limited evidentiary hearing on this issue and made the following findings of fact:

> 1. Inmate tort claims which arise out of the ADX must be presented to the North Central Regional Office in Kansas City, Kansas. Defendants' Evidentiary Supplement to Motion to Dismiss [Doc. #108], Declaration of Christopher B. Synsvoll [Doc. #108-2], ¶ 4.
>
> 2. On February 10, 2006, the North Central Regional Office received an administrative tort claim from the plaintiff which was assigned number TRT-NCR-2006-02303. The claim alleges that the plaintiff was denied a non-invasive test for tuberculosis. Id. at ¶ 7; Hearing Ex. A. The plaintiff agreed at the hearing that this claim is the same as Claim Ten.
>
> 3. Claim number TRT-NCR-2006-02303 was denied by letter dated March 31, 2006. Defendants' Evidentiary Supplement to Motion to Dismiss [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 8; Hearing Ex. B and Ex. E. The denial letter was mailed to the plaintiff, via certified mail, on April 3, 2006. Defendants' Evidentiary Supplement to Motion to Dismiss [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 8; Hearing Ex. E.
>
> 4. On June 19, 2006, the North Central Regional Office received an administrative tort claim from the plaintiff which was assigned number TRT-NCR-2006-03917. The claim alleges that the plaintiff was denied adequate treatment for a sleep disorder. Defendants' Evidentiary Supplement to Motion to Dismiss [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 9; Hearing Ex. C. The plaintiff agreed at the hearing that this claim is the same as Claim Nineteen.
>
> 5. Claim number TRT-NCR-2006-03917 was denied by letter dated June 26, 2006. Defendants' Evidentiary Supplement to Motion to Dismiss [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 10; Hearing Ex. D. The denial letter was mailed to the plaintiff, via certified mail, on July 6, 2006. Defendants' Evidentiary Supplement to Motion to Dismiss [Doc. #108], Declaration of Christopher B. Synsvoll, ¶ 10; Hearing Ex. E.

(Recommendation at 14.)

Based on these undisputed facts, Magistrate Judge Boland concluded that "the plaintiff was required to assert Claim Ten in this court within six months after April 3,

2006, or by October 3, 2006.  He was required to assert Claim Nineteen within six months after July 6, 2006, or by January 8, 2007.  The plaintiff did not commence this case until August 14, 2007." (Recommendation at 15.)  Thus, Claims 10 and 19 are time barred.

In his objection, Plaintiff disputes facts alleged at the January 5, 2010 evidentiary hearing.  Specifically, Plaintiff argues that the Defendant did not demonstrate that Plaintiff received the "Notice of Final Denial."  (Objection at 8.)  I reject this argument and agree with Magistrate Judge Boland that "the limitations period does not run from the date of receipt; it runs from the date the letters were mailed." (Recommendation at 15.)  Plaintiff's objection is overruled.  Accordingly, I find that Magistrate Judge Boland's Recommendation is well-reasoned and proper and that Plaintiff's FTCA claims should be dismissed.  To the extent that Plaintiff asserts any other objections, they are overruled as general, conclusory statements without citing any proper support.

IV.    CONCLUSION

After carefully reviewing Magistrate Judge Boland's Recommendation and Plaintiff's objections, I agree with Magistrate Judge Boland that Defendants' motion to dismiss should be granted for the reasons stated in both the Recommendation and this Order.  Based on this ruling, I also agree with Magistrate Judge Boland that Plaintiff's motion for partial summary judgment should be denied as moot.  Magistrate Judge Boland's Recommendation is thorough, well reasoned and is adopted.  Accordingly, Plaintiff's objections are overruled.   For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket

#113) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss (docket #82) is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment (docket #101) is **DENIED AS MOOT.** Therefore, this matter is **DISMISSED WITH PREJUDICE**.

Dated:  February 11, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge